UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTIAN LASS, an Individual; AMY LASS, an Individual; B.L., a minor by and through his guardian, Amy Lass; C.L., a minor by and through his general guardian, Amy Lass; NATE SPEER, an Individual; MELISSA SPEER, an Individual; R.S., a minor by and through her general guardian, Melissa Speer; P.S., a minor by and through her general guardian, Melissa Speer; H.S., a minor by and through her general guardian, Melissa Speer; BRIAN BURKE, an Individual; TRISHA BURKE, an Individual; J.B., a minor by and through her general guardian, Trisha Burke; B.B., a minor by and through her general guardian, Trisha Burke, | Case No.:  17cv2428-WQH-BGS<br><br>**ORDER** |

                                  Plaintiffs,

v.

BRINDISI AT AVIARA
PREMIER COLLECTION
HOMEOWNERS

ASSOCIATION, A Business Form Unknown; THE PRESCOTT COMPANIES, a California Corporation doing business as Associa Prescott and DOES 1 THRU 10, INCLUSIVE,

Defendants.

HAYES, Judge:

The matter before the Court is the Petition to Confirm Minors' Compromises filed by Plaintiffs. (ECF No. 13).

## I. BACKGROUND

On December 4, 2017, Plaintiffs filed a Complaint against Defendants alleging the following causes of action: (1) violation of the Fair Housing Act, (2) violation the California Fair Employment and Housing Act, (3) negligence, (4) unfair business practices, and (5) violation of the California Unruh Civil Rights Act. (ECF No. 1). Plaintiffs are parents and their minor children who lived at a community called Brindisi at Aviara ("Brindisi"), located in Carlsbad, California. Defendants manage and supervise the rental and ownership of units at Brindisi. The Complaint alleges that Defendants discriminated against families with children in the operation of Brindisi by unfairly restricting the minor children from playing in common areas in the community. (ECF No. 1).

On January 26, 2018, Defendants filed an Answer. (ECF No. 6).

On April 19, 2018, Plaintiffs filed an ex parte Petition for Confirm Minors' Compromises. (ECF No. 13). On April 24, 2018, the Court entered an Order requiring that any response to the Petition must be filed on or before May 1, 2018. (ECF No. 15). The record reflects that no response to the Petition has been filed.

## II. DISCUSSION

Plaintiffs assert that the parties have entered into a settlement with respect to the entire case and seek an order confirming the claims of the minor Plaintiffs, B.L., C.L., R.S.,

P.S., H.S., J.B., and B.B.  General Guardian Amy Lass requests that B.L. and C.L. each receive $3,000.  General Guardians Melissa Speer and Trish Burke request that R.S., P.S., H.S., J.B. and B.B. each receive $5,000.  Plaintiffs contend that the settlement is reasonable in light of the facts of this case and in light of other settlements under similar circumstances. No objections have been filed to the Petition.

"District courts have a special duty, derived from Federal Rule of Civil Procedure 17(c), "to safeguard the interests of litigants who are minors." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011).  Federal Rule of Civil Procedure 17(c) provides that a district court "must appoint a guardian ad litem—or issue another appropriate order—to protect a minor . . . who is unrepresented in an action."  Fed. R. Civ. P. 17(c).  "In the context of proposed settlements in suits involving minor plaintiffs, this special duty requires a district court to 'conduct its own inquiry to determine whether the settlement serves the best interests of the minor.'"  *Id.* (quoting *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978)); *see also Salmeron v. United States*, 724 F.2d 1357, 1363 (9th Cir. 1983) ("Thus, a court must independently investigate and evaluate any compromise or settlement of a minor's claims to assure itself that the minor's interests are protected . . . even if the settlement has been recommended or negotiated by the minor's parent or guardian ad litem").  Pursuant to Civil Local Rule 17.1, "[no] action by or on behalf of a minor . . . will be settled, compromised, voluntarily discontinued, dismissed or terminated without court order or judgment."  CivLR 17.1.

District courts should "limit the scope of their review to the question whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable in light of the facts of the case, the minor's specific claim, and recovery in similar cases." *Robidoux*, 638 F.3d at 1181–82.  "[T]he district court should evaluate the fairness of each minor plaintiff's net recovery without regard to the proportion of the total settlement value designated for the adult co-plaintiffs or plaintiffs' counsel—whose interests the district court has no special duty to safeguard."  *Id.* at 1182.  "So long as the net recovery to each

minor plaintiff is fair and reasonable in light of their claims and average recovery in similar cases, the district court should approve the settlement as proposed by the parties." *Id.*

In this case, the proposed minors' compromise will result in each minor plaintiff receiving either $3,000 or $5,000 in a trust account. No party has filed any objections and courts have approved settlements allowing for similar recovery by minor plaintiffs under similar circumstances. After considering the facts of this case, the minors' specific claims, and the recovery in similar cases, the Court finds that the settlement is fair, reasonable and in the best interests of the minor plaintiffs. The unopposed Petition to Confirm Minors' Compromise is granted.

### III. CONCLUSION

IT IS HEREBY ORDERED that the Petition to Confirm Minors' Compromise is GRANTED. (ECF No. 13). IT IS FURTHER ORDERED:

1. The minor plaintiffs shall receive the following by way of settlement:

| | |
|---|---|
| $3,000 | B.L. |
| $3,000 | C.L. |
| $5,000 | J.B. |
| $5,000 | B.B. |
| $5,000 | R.S. |
| $5,000 | P.S. |
| $5,000 | H.S. |

2. Within 72 hours of receipt of a check payable to the order of the General Guardian for each minor plaintiff, such General Guardian shall deposit the checks for the minor children in blocked accounts at a federally insured bank or credit union.

3. Each General Guardian must deliver to each depository at the time of deposit a copy of this order.

4. No withdrawals of principal or interest may be made from the blocked accounts without a written order under this case name and number, signed by a judge, and

bearing the seal of this court, until the respective minors attain the age of 18 years. When the respective minor attains the age of 18 years, the depository, without further order of this court, is authorized and directed to pay by check or draft directly to the former minor, upon proper demand, all moneys including interest deposited under this order. The money on deposit is not subject to escheat. The blocked accounts in this matter are to be opened solely for the benefit of minor plaintiffs in this case and such funds placed, therein, cannot be accessed by anybody other than the respective minor plaintiffs upon reaching the age of majority. The parents/guardian ad litem shall have no right to access any of the funds in such blocked account for any reason.

5. General Guardians Amy Lass, Trisha Burke, and Melissa Speer are each authorized and directed to execute any and all documents reasonably necessary to carry out the terms of the settlement.

6. Bond is waived.

Dated: May 10, 2018

*William Q. Hayes*
Hon. William Q. Hayes
United States District Court